**John Harold WOLFE and Dorothy W. Wolfe, Plaintiffs-Appellants,**

v.

**CONTINENTAL CASUALTY COMPANY and Eloise Bull d/b/a P. S. Bull Insurance Agency, Defendants-Appellees.**

No. 75–1499.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 10, 1975.

Decided Feb. 4, 1976.

Charles E. Brant, Glander, Brant, Ledman & Newman, Columbus, Ohio, for plaintiffs-appellants.

Jack R. Alton, Lane, Alton & Horst, Columbus, Ohio, for defendants-appellees.

Before EDWARDS, CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

This appeal is from an order of the District Court for the Southern District of Ohio granting summary judgment to defendant in a diversity action for damages brought by three plaintiffs against their automobile insurer. The action was based upon plaintiffs' complaint which recites in part that "defendant Continental and defendant Bull's predecessor, Beauge . . . acted in bad faith in the conduct of the defense of the aforesaid claim and suit against plaintiffs . . . ." The District Judge properly construed this and other language in the complaint to represent an action in tort. He thereupon held that the total action was barred by O.R.C. § 2305.09 which provides for a four-year statute of limitations concerning certain tort actions.

On examination of the pleadings in this case, however, we believe that the complaint, particularly paragraphs 5 and 6 thereof, also states an action for violation of contract. These paragraphs are as follows:

5. On January 21, 1956, plaintiff John Wolfe was operating with his father's permission, a motor vehicle covered by the aforesaid insurance policy. Riding with him in said vehicle was one Carol Sue Cyrus. While John Wolfe was operating the said vehicle, an accident occurred, as a result of which Carol Sue Cyrus was severely injured and permanently disabled. Beauge and defendant Continental were duly notified and the. latter, through its agents and employees, undertook the investigation of the accident and the adjustment of the claim of said Carol Sue Cyrus and her parents against plaintiffs. Although reasonable offers of compromise well within policy limits were made by the Cyruses through their attorney, Continental and Beauge, through their adjuster, refused to deal with or negotiate with Cyruses' attorney. Plaintiffs were not informed of this by Continental or Beauge.

6. Thereafter, on or about March 9, 1957, suit was commenced by the Cyruses against plaintiffs in the Court of Common Pleas of Lawrence County, Ohio (Case No. 35823), seeking damages as a result of the injuries to the

said Carol Sue Cyrus sustained in said accident. Continental assumed the defense of said action on behalf of plaintiffs, but refused to discuss settlement with the Cyruses. Continental and Beauge assured plaintiffs that the claim and suit would be handled and disposed of at no cost to plaintiffs. Continental told the Cyruses and their attorney that it had no obligation to respond in damages for want of coverage under said policy, but it did not inform plaintiffs of this position and did not disclose to plaintiffs any policy defense it was asserting. Plaintiff John Harold Wolfe sought to settle directly with the Cyruses out of his own funds, but was told by Continental that he could not do so without voiding his coverage under Continental's policy. Plaintiffs were not informed by Continental or Beauge of the status of the suit prior to trial or of the fact that approaches to settlement made by the Cyruses were summarily rejected by Continental.

It is our interpretation of these paragraphs that they allege a breach of contractual duty on the part of appellee Continental to advise its policyholder of the possibility of a settlement.

An action for breach of contract under Ohio law is governed by O.R.C. § 2305.-06, which establishes a 15-year statute of limitations.

With the above consideration in mind, the judgment of the District Court in dismissing the tort claims of plaintiffs is affirmed, but in order to allow plaintiffs to offer proofs concerning their claim that they had suffered damages due to violation of contract, the judgment previously entered by the District Court dismissing the case in its entirety is vacated and the case is remanded to the District Court for further proceedings.

CELEBREZZE, Circuit Judge (dissenting).

In the absence of express language in the Contract of Insurance, that the Insurer agrees to indemnify the Insured for the amount in excess of policy limits,

when the Insurer exercises its option not to settle a claim, the only recourse the Insured has is to file an action based on bad faith. The Ohio Supreme Court in *Wasserman v. Buckeye Union Casualty Co.*, 32 Ohio St.2d 69, 290 N.E.2d 837 (1972) finds that bad faith is a tort action. The action not having been filed within the tort statutory period is barred. I would affirm the Judgment of the District Court.